LFR Collections LLC v Tammy Tran Attorneys at Law, LLP (2025 NY Slip Op 02852)

LFR Collections LLC v Tammy Tran Attorneys at Law, LLP

2025 NY Slip Op 02852

Decided on May 08, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 08, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 651612/23|Appeal No. 4321|Case No. 2024-01833|

[*1]LFR Collections LLC, etc., Plaintiff-Respondent,
v
Tammy Tran Attorneys at Law, LLP, Doing Business as The Tammy Tran Law Firm, et al., Defendants-Appellants.

Warner & Scheuerman, New York (Jonathon D. Warner of counsel), for appellants.
Freedman Normand Friedland LLP, New York (Richard A. Lafont of counsel), for respondent.

Judgment, Supreme Court, New York County (Gerald Lebovits, J.), entered March 4, 2024, bringing up for review an amended order entered February 29, 2024, which, after a hearing, granted the motion of plaintiff LFR Collections LLC, as Acquirer of Certain Receivables of the Stillwater Asset-Backed Fund LP for summary judgment in lieu of complaint and awarded judgment in favor of LFR and against defendants Tammy Tran Attorneys at Law, LLP doing business as The Tammy Tran Law Firm and Tammy B. Tran in the total amount of $12,844,817.60, unanimously affirmed, with costs.
Plaintiff established prima facie that the parties' settlement agreement constituted an "instrument for the payment of money only" and that defendants defaulted by failing to make payment under its terms (CPLR 3213). On its motion, plaintiff submitted the settlement agreement, the amount due, and an affirmation of LFR's general counsel, who swore to the loan history under penalty of perjury and stated that he was familiar with the facts through his "review of the records and documents kept in the file maintained by LFR with respect to this matter" (see Park Union Condominium v 910 Union St., LLC, 140 AD3d 673, 673 [1st Dept 2016]). The settlement agreement, which was signed by defendants and LFR, provided that defendants owed $7,900,000 as of October 12, 2012; that the maturity date was October 12th, 2017, the fifth anniversary date of the settlement agreement; that the interest rate was 0% a year for the first 18 months and then 5% a year thereafter, without compounding interest; and that upon default, interest was to accrue at the rate of 12% per annum.
In opposition, defendants failed to raise a triable issue as to a defense to the instrument. In light of defendants' express waiver of defenses in the loan agreement, and their acknowledgement that their repayment obligation was unconditional, their potential counterclaims and affirmative defenses did not preclude CPLR 3213 relief (see Cooperative Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492-493 [2015]). In addition, the plain language of section 4(b)(2.2)(c) of the settlement agreement specifies that default interest accrues upon an event of default, and that payment of default interest begins on demand. The settlement agreement does not require that notice of demand be sent to the borrower.
We have considered defendants' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 8, 2025